United States District Court

Eastern District of Louisiana


Lafourche Parish Sch

v.                                    CIVIL ACTION NO. 2:00-cv-00265
                                                            B(2)
Texaco Inc


    The record reflects that a Notice of Removal has been filed in

the captioned case; accordingly,

    Pursuant to 28 U.S.C. 1447(b), the removing party is directed

to file within 10 days:

        (1) A list of all parties still remaining in this action;

        (2) Copies of all pleadings, including answers, filed by
            those parties in state court; and

        (3) Copies of the return on service of process on those
            parties filed in state court.


    New Orleans, Louisiana, January 28, 2000.


                              By Direction of the Court


                              LORETTA G. WHYTE, CLERK

FILED
U.S. DISTRICT COURT
EASTERN DIST OF LA

UNITED STATES DISTRICT COURT    2000 JAN 27 P 1: 29

EASTERN DISTRICT OF LOUISIANA    LORETTA G. WHYTE

LAFOURCHE PARISH SCHOOL BOARD, INDIVIDUALLY AND ON BEHALF OF THE SCHOOL CHILDREN OF THE PARISH OF LAFOURCHE AND THE STATE OF LOUISIANA

C. A. NO. **00-0265**

SECT. ⑤ MAG. 3

JUDGE:

VERSUS

TEXACO INC., TEXACO EXPLORATION AND PRODUCTION INC., TEXACO TRADING & TRANSPORTATION INC., TEXACO PRODUCING INC., TEXACO REFINING AND MARKETING, INC., LLOG EXPLORATION COMPANY, GULFPORT ENERGY CORPORATION, CASTEX, INC., DANIEL PATRICK LOUGHRY, AND "XYZ" DEFENDANTS

MAGISTRATE JUDGE:

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel come Defendants, Texaco Inc. ("Texaco"), Texaco Exploration and Production Inc. ("TEPI"), Texaco Trading & Transportation Inc. ("TTTI"), Texaco Producing Inc. ("TPI"), Texaco Refining & Marketing Inc. ("TRMI"), and Daniel Patrick Loughry ("Loughry") who remove this civil action from the 17th Judicial District Court, Parish of Lafourche, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Texaco, TEPI, TTTI, TPI,

TRMI and Loughry state as follows:

1.

On or about December 27, 1999, an action was commenced in the 17th Judicial District Court, Parish of Lafourche, State of Louisiana, entitled "Lafourche Parish School Board, Individually and on Behalf of the School Children of the Parish of Lafourche and the State of Louisiana vs. Texaco, Inc., Texaco Exploration and Production, Inc., Texaco Trading & Transportation Inc., Texaco Producing Inc., Texaco Refining & Marketing Inc., LLOG Exploration Company, Gulfport Energy Corporation, Castex Inc, Daniel Patrick Loughry, and "XYZ" Defendants" which was identified by Case Number 88,066 on the docket of the 17th Judicial District Court.

2.

Lafourche Parish School Board (the "School Board") alleges that it was the lessor of two separate oil, gas and mineral leases. At issue is an oil, gas and mineral lease in what is known as the Golden Meadow field which affected property described as "Section 16, Township 20 South, Range 21 East, Southeast Land District, West of the Mississippi River," comprising 640 acres more or less. The second lease at issue is an oil, gas and mineral lease in what is known as the Leeville field which affected property described as "Tract 3: Section 16, Township 21 South, Range 22 East, Southeastern Land District West of the Mississippi River, comprising 640 acres more or less.

3.

The School Board does not allege a specific amount of damages, but does seek

recovery from Texaco, TEPI, TTTI, TPI and TRMI, based on a number of theories, for an alleged underpayment of royalties on crude oil and condensate produced from the aforementioned mineral leases.   In particular the School Board seeks to recover the following:

     a.     alleged underpaid/unpaid royalties;

     b.     statutory penalties;

     c.     double royalties as penalties;

     d.     interest;

     e.     attorneys' fees (pursuant to La. R.S. 31:139); and

     f.     lease cancellation of both leases.

4.

This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

5.

District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE REAL PARTIES IN INTEREST IN THIS ACTION

6.

The real parties in interest in this action are citizens of different states.

### The School Board is the Real Plaintiff-Party in Interest and is a Citizen of Louisiana

7.

The School Board has sued "on its own behalf and on behalf of the school children of Lafourche Parish and the State of Louisiana."  Despite a veiled attempt to name the State of Louisiana and the "schoolchildren" of Lafourche Parish as parties plaintiff, the School Board is the real party in interest and its citizenship is determinative of diversity. See, *Terrebonne Parish School Board v. Mobil Corporation*, 1989 W.L. 140217 (E.D. La. 1989). The citizenships of the "school children of Lafourche Parish" and the State of Louisiana are inconsequential and should be disregarded because the "school children" and the State are not the real parties in interest.  In the alternative, the citizenship of the State of Louisiana should be disregarded because the "school children of Lafourche Parish and the State" have been fraudulently joined.

8.

The School Board is a political subdivision of the State of Louisiana.  However, such local political subdivisions do not enjoy Eleventh Amendment immunity. *Feary v. Regional Transit Authority,* 685 F.Supp. 137, 140 (E.D. La. 1988); *United States v. St. Bernard Parish,* 756 F.2d 1116 (5th Cir. 1985), *cert. denied,* 474 U.S. 1070, 106 S.Ct. 830, 88

L.Ed.2d 801 (1986). As a result, such entities are considered citizens separate from the state itself for purposes of diversity jurisdiction. *In Re: Allied Signal, Inc.,* 919 F.2d 277, 280 (5th Cir. 1990); *Department of Health, Etc. v. Davis,* 616 F.2d 828 (5th Cir. 1980); *Morgan Dallas Corporation v. Orleans Parish School Board,* 302 F. Supp. 1208, 1209 (E.D.La. 1969). The School Board is, therefore, considered a citizen of the State of Louisiana for diversity purposes. *See Shorty v. Top Rank of Louisiana, Inc.,* 876 F. Supp. 838, 839 (E.D.La. 1995).

### The "Texaco Entities" are Citizens of States other than Louisiana

9.

Defendant, Texaco, is a corporation organized under the laws of Delaware, with its principal place of business in the State of New York. Texaco is a citizen of Delaware and New York for purposes of federal diversity jurisdiction.

10.

Defendant, TEPI, is a corporation organized under the laws of Delaware, with its principal place of business in the State of Texas. TEPI is a citizen of Delaware and Texas for purposes of federal diversity jurisdiction.

11.

Defendant, TTTI, is a corporation organized under the laws of Delaware, with its principal place of business in the State of Texas. TTTI is a citizen of Delaware and Texas for purposes of federal diversity jurisdiction.

12.

Defendant, TPI, was a corporation organized under the laws of Delaware, with its principal place of business in the State of Texas. In the early 1990's TPI changed its name to Texaco Exploration and Production Inc. ("TEPI"). Consequently, since TPI (now TEPI) is a citizen of the states of Delaware and Texas.

13.

Defendant, TRMI, is a corporation organized under the laws of Delaware, with its principal place of business in the State of Texas. TRMI is a citizen of Delaware and Texas for purposes of diversity jurisdiction.

**The Citizenship of LLOG, Gulfport Energy, Castex, Inc., Daniel Loughry and the "XYZ" Defendants Must be Ignored for Purposes of Determining Diversity Jurisdiction**

14.

LLOG Exploration Company is a corporation organized under the laws of Louisiana having its principal place of business in Louisiana and is a citizen of Louisiana. However, for the reasons explained below, LLOG's citizenship should be disregarded by the Court for the purpose of evaluating diversity jurisdiction.

15.

Gulfport Energy Corporation is a corporation organized under the laws of Delaware, having its principal place of business in the State of Oklahoma and is a citizen of Delaware and Oklahoma. However, for the reasons explained below, Gulfports' citizenship should be disregarded by the Court for purposes of evaluating diversity jurisdiction.

16.

Castex Inc. is a corporation organized under the laws of Louisiana, having its principal place of business in the State of Louisiana. However, for the reasons set forth below, Castex's citizenship should be ignored for purposes of establishing diversity jurisdiction.

17.

Daniel Patrick Loughry is a citizen of the State of Louisiana. However, for the reasons more fully set forth below, Mr. Loughry's citizenship should be ignored for purposes of establishing diversity jurisdiction.

18.

The "XYZ" defendants are defendants who have allegedly been sued under a fictitious name and whose citizenship must be ignored pursuant to 28 U.S.C.§ 1441.

**LLOG, Gulfport, and Castex Inc. have been Fraudulently Joined in this Action**

19.

No substantive allegations of wrongdoing have been alleged against defendants LLOG, Gulfport, or Castex Inc.. LLOG, Gulfport, and Castex Inc. were named in this action as indispensable parties pursuant to La. Code of Civil Procedure article 641 and La. R.S. 31:128-132 because they were alleged to be successors in interest to Texaco with respect to the Golden Meadow lease and the plaintiffs' claim for lease cancellation allegedly could not be had without their presence in the litigation.

20.

Castex, Inc. has been fraudulently joined in this action because it never owned an interest in the Golden Meadow lease. Upon information and belief, Castex Inc. has been erroneously named in this action. The School Board has alleged that Castex Inc. acquired the Golden Meadow lease from Gulfport Energy. In fact, Castex Energy Inc., a Texas Corporation, acquired the Golden Meadow lease from Gulfport Energy pursuant to assignment on November 20, 1998. A copy of this assignment was recorded in the conveyance records of Lafourche Parish on November 23, 1998 in COB 1368, Folio 722, Entry No. 843505. A certified copy of the referenced assignment is attached hereto as Exhibit "A".

21.

On or about December 14, 1999, 13 days prior to the filing of this action, Castex Energy Inc., the last owner of interests in the Golden Meadow lease executed a full release of the Golden Meadow lease to the School Board. A copy of this release was subsequently filed of record in Lafourche Parish on January 3, 2000. A certified copy of the reference release is attached hereto as Exhibit "B". Pursuant to Louisiana law cancellation of a mineral lease may be a remedy only under exceptional circumstances and then only prospectively from the date of judicial demand. Since the Golden Meadow lease was in effect canceled by the execution of a release and the subsequent recordation of the release, LLOG, Gulfport and Castex Energy are no longer indispensable parties because the relief sought (cancellation of the Golden Meadow lease) is no longer possible. Consequently,

since no other cause of action is stated against these defendants they should be considered as having been fraudulently joined in this action and their citizenship should be ignored for purposes of establishing diversity jurisdiction.

### Daniel Loughry has been Fraudulently Joined

22.

Defendant Daniel Patrick Loughry is a citizen of the State of Louisiana. His citizenship must be ignored however because he has been fraudulently joined in this action. Mr. Loughry is an employee of Texaco and liability cannot be imposed on him individually in this action because 1) he is not a party to any leases or contracts with the plaintiffs , 2) he owes no duty in his individual capacity to the plaintiffs, and 3) under the facts of this case and the criteria set forth in the Fifth Circuit's decision in *Ford v. Elsbury*, 32 F.3rd 931 (5 th Cir. 1994) and the Louisiana Supreme Court's decision in *Canter v. Koering Co.*, 283 So. 2d 716, 721 (La. 1973) cannot be satisfied in order to impose liability on Mr. Loughry in his individual capacity. Consequently, he should be considered as having been fraudulently joined in this action and his Louisiana citizenship should be ignored.

### The Court Must Ignore the Citizenship of the "XYZ" Defendants

23.

Plaintiffs have also named certain "XYZ defendants" in this action alleging that these un-identified individuals are "employees, directors, or officers of Texaco Inc. who are believed to have the same or similar knowledge of Texaco's fraud as did Mr. Loughry". Pursuant to 28 U.S.C. §1441 the citizenship of defendants sued under fictitious names must

be disregarded for purposes of evaluating diversity jurisdiction.

## AMOUNT IN CONTROVERSY IS SATISFIED

### 24.

The School Board has not made a specific monetary demand in its petition.  However, due to the nature of the relief sought, i.e., lease cancellation, past due royalty, double damages and statutory attorneys' fees, Texaco, TEPI, TTTI, TPI and TRMI submit that the amount in controversy has been satisfied.

### 25.

In the event that the court finds that the amount in controversy exceeds $75,000 as to only one defendant, Texaco, TEPI, TTTI, TPI and TRMI submit that the court has supplemental and/or ancillary jurisdiction over the claims against the other Texaco entity defendants pursuant to 28 U.S.C. §1367.

## REMOVAL IS TIMELY

### 26.

Defendants, Texaco, TEPI, TTTI, TPI, TRMI, LLOG, Gulfport, Castex and Loughry were served with process on the following dates:

| Texaco | December 30, 1999 |
| TEPI | December 30, 1999 |
| TTTI | December 30, 1999 |
| TPI | December 30, 1999 |
| TRMI | December 30, 1999 |

| | |
|---|---|
| LLOG | January 5, 2000 |
| Gulfport | January 3, 2000 |
| Castex | January 3, 2000 |
| Loughry | December 30, 1999 |

27.

This Notice of Removal is filed within thirty (30) days after initial receipt by service upon the defendants and is, therefore, timely pursuant to 28 U.S.C. § 1446(b) and the United States Supreme Court's holding in *Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed. 2d 448 (1999).

### CONSENT OF CO-DEFENDANTS

28.

The consent of LLOG, Gulfport and Castex to the removal of this action is not necessary because they are fraudulently joined and/or nominal parties.

29.

The consent of the "XYZ" defendants is not necessary because fictitious defendants' citizenship must be ignored pursuant to statute or in the alternative they should be considered as nominal or fraudulently joined parties.

30.

Daniel Patrick Loughry has been fraudulently joined in this matter and his consent is therefore unnecessary, nevertheless, Mr. Loughry consents to the removal of this action.

## OTHER MATTERS

### 31.

Defendants, Texaco, TEPI, TTTI, TPI and TRMI have, with the filing of this Notice of Removal, submitted copies of all process, pleadings and orders delivered to it in the action pending in the state court.  True and correct copies of such documents are attached hereto as collective Exhibit "C".

WHEREFORE, Defendants, Texaco Inc., Texaco Exploration and Production Inc., Texaco Trading & Transportation Inc., Texaco Producing Inc., Texaco Refining and Marketing Inc., and Daniel Patrick Loughry respectfully remove this action to this Court for further proceedings according to law.

Respectfully submitted by:

G. William Jarman (#7238)
Charles S. McCowan, III (#19699)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (504) 387-0999

and

Jeffrey K. Smith
Texaco Inc.
1111 Bagby Street
Room 4014
(Post Office Box 4596)
Houston, Texas 77002 (77210-4596)
Telephone: (713) 752-7902

Counsel for Texaco Inc., Texaco Exploration and Production Inc., Texaco Trading & Transportation Inc., Texaco Producing Inc., Texaco Refining and Marketing Inc. and Daniel Patrick Loughry